# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| RICKEY JONES, | ) |
| Petitioner, | ) |
| -vs- | ) Case No. CIV-16-1453-F |
| JASON BRYANT, | ) |
| Respondent. | ) |

## ORDER

On April 4, 2017, Magistrate Judge Charles B. Goodwin entered a Report and Recommendation (doc. no. 6, "Report") based upon his initial screening of the petition. Magistrate Judge Goodwin's detailed Report explains his recommendation that the court dismiss the petition as untimely. Petitioner Jones filed an Objection to the Report. Doc. no. 7. Those objections have been reviewed *de novo*.

In his objections petitioner argues that his petition is timely for various reasons. The substance of his arguments was anticipated by the magistrate judge and addressed in the Report. This court has reviewed the cases cited in petitioner's objections, as well as Rule 2.1(E) of the Rules of the Oklahoma Court of Criminal Appeals which is also cited in the objections. Having done so, the court finds no basis for the petitioner's objections. Given the thoroughness of the analysis set out in the Report, the court further finds that no purpose would be served by any additional analysis here.

Petitioner's objections to the Report are **DENIED**, and the Report and Recommendation of the magistrate judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. This action is **DISMISSED** as untimely.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 18th day of April, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-1453p001.docx